# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION

SHANE GARDNER                                                  PLAINTIFF

v.                                    CIVIL ACTION NO. 5:18-CV-P193-TBR

UNSPECIFIED DEFENDANTS                            DEFENDANT(S)

## MEMORANDUM OPINION

Unrepresented by counsel, Shane Gardner sent a letter to this Court alleging problems he has been having at the Fulton County Detention Center and indicating his desire to file a civil-rights action pursuant to 42 U.S.C. § 1983 (DN 1). The matter was opened as the instant civil action.

Pursuant to Local Rule 5.2(a)(3), § 1983 actions should be filed on a Court-supplied form. Further, the fee for filing a civil action is $400, and Gardner neither paid the filing fee nor filed an application to proceed without prepayment of fees. He also failed to file a summons for each Defendant. Consequently, by Order entered January 23, 2019 (DN 3), the Court directed Plaintiff to cure the deficiencies and warned Plaintiff that his failure to comply within 30 days from the entry date of that Order would result in dismissal of the action for failure to prosecute and for failure to comply with an Order of the Court. The 30-day period has expired without any response by Plaintiff.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."). "[W]hile *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements

that a layperson can comprehend as easily as a lawyer." *Id.* "[T]he lenient treatment generally accorded to pro se litigants has limits. Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Additionally, courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

Because Plaintiff failed to comply with a straightforward Order of this Court, despite being warned that dismissal would occur without compliance, the Court concludes that Plaintiff has abandoned any interest in prosecuting this action. Therefore, this action will be dismissed by separate Order.

Date:



cc: Plaintiff, *pro se*
4413.005